### ARMWELL LONG v. RICHARD HICKMAN.

Supreme Court. Sussex. March 20, 1801.

*Wilson's Red Book, 371.*

*Bayard, Ridgely* and *Horsey* for plaintiff. *Vining, Hall* and *Wilson* for defendant.

Defendant's counsel objected to plaintiff's giving his pretensions in evidence, which had been laid down by E. Dingle under a warrant for that purpose, unless notice was proved to have been given defendant according to the terms of the warrant. They alleged their client had not had notice, and that he had purposed to have W. Stayton present on plaintiff's showing [1] (Stayton having been appointed in the warrant to survey for defendant); and that they had notified plaintiff's counsel, before the trial came on, of this objection that they might continue the cause, conceiving that as it was impracticable for defendant to prove he had not been notified, he could not show it as a ground of continuance; and a motion to set aside the return upon such a warrant was unprecedented.

Plaintiff's counsel insisted that proof of such notice was never required at the trial; that if defendant means at any time to take advantage of a defect of such notice, he should do it by way of objecting to the bringing on the trial. It would be a very dangerous practice to let in such objections at the trial, because of the advantage the objector gains if successful.

Defendant's counsel. If the objection is only proper for the obtaining a continuance of the cause, such improper pretensions are at all events to be evidence at some after period, which may be in some cases highly injurious. The opportunity given the opposite party to try the truth of such pretensions by actual mensuration may not always be sufficient, for if the survey was made without notice to, or the presence of, the adverse party, he may not be able to find any of the boundaries called for in such erroneous pretensions, and without this he could not impeach them. The pretensions are part of the evidence and are therefore liable to objection, and if they are set aside, it is the party's fault, yet the Court might direct a new *venire* on reasonable terms.

PER CURIAM. JOHNS, C. J. We do not understand this to be the proper time for such objection. We think it ought to have been at an earlier period.

*N.B.* After a long detail of evidence, defendant agreed to give, and plaintiff to accept, a verdict for one shilling damages.

---

[1] Manuscript reads "shew".